UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:05CV-80-R

JABR, INC., d/b/a Showgirls                                                          PLAINTIFF

v.

HART COUNTY JUDGE EXECUTIVE and
HART COUNTY FISCAL COURT, et al.                                          DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on motion for abstention pursuant to *Younger v. Harris* (Dkt. # 10) of Defendants Hart County Judge Executive and Hart County Fiscal Court (collectively, "Defendants"). Plaintiff JABR, Inc. ("JABR") responded (Dkt. # 14), Defendants replied (Dkt. # 17), and this matter is now ripe for adjudication. For the reasons that follow, the Court **GRANTS** Defendants' motion for abstention.

## BACKGROUND

On June 9, 2005, Hart County police arrested four performers and a manager at Showgirls, a "gentleman's club" owned by Plaintiff JABR and located in Horse Cave, Kentucky. The performers and the managers were charged with violating Hart County Ordinance No. 440.4, which regulates sexually-oriented entertainment within the county, and the manager was also charged with failure to obtain a license to operate such a business as required by K.R.S. § 231.020. Thereafter, JABR closed Showgirls because, it says, it fears further prosecution. JABR then filed suit in this court claiming that (1) the provisions of K.R.S. § 231.010 *et seq.*, which authorize Kentucky counties to adopt licensing requirements for businesses that present

1

live entertainment to the public, are unconstitutional as written and as applied; and (2) Ordinance No. 440.4 is facially unconstitutional. In addition to a declaration of the unconstitutionality of such statutes, JABR seeks a temporary restraining order as well as preliminary and permanent injunctive relief enjoining the enforcement of the challenged statute and ordinance.

## ANALYSIS

Defendants argue that, pursuant to the doctrine developed in *Younger v. Harris* and its progeny, this Court should abstain from ruling on JABR's constitutional claims. In *Younger*, the Supreme Court of the United States noted that "Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." 401 U.S. 37, 43, 91 S.Ct. 746,750, 27 L.Ed.2d 669 (1971). As the Sixth Circuit Court of Appeals has described it: "[t]he *Younger* abstention doctrine counsels a federal court to abstain from adjudicating a matter properly before it in deference to ongoing state criminal proceedings." *Tindall v. Wayne County Friend of Court* 269 F.3d 533, 538 (6th Cir. 2001) (citing *Younger*, 410 U.S. 37-38, and *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). In that case, the court set forth three criteria for *Younger* abstention: "1) whether the underlying proceedings constitute an ongoing judicial proceeding, 2) whether the proceedings implicate important state interests, and 3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge." *Id.*; see also *Gilbert v. Ferry*, 401 F.3d 411, 419 (6th Cir. 2005).

JABR argues that *Younger* is not applicable to this case because it is not party to the state court criminal proceedings against the manager and performers. In *Hicks v. Miranda*, 422 U.S. 332 (1975), the Supreme Court faced a similar situation when a theater owner filed suit in

federal court seeking declaratory and injunctive relief after the state filed criminal charges against two employees and seized copies of a film under state obscenity laws.  There, the court held that the federal plaintiffs

> had a substantial stake in the state proceedings, so much so that they sought federal relief, demanding that the state statute be declared void and their films be returned to them. Obviously, their interests and those of their employees were intertwined and, as we have pointed out, the federal action sought to interfere with the pending state prosecution. Absent a clear showing that appellees, whose lawyers also represented their employees, could not seek the return of their property in the state proceedings and see to it that their federal claims were presented there, the requirements of *Younger v. Harris* could not be avoided on the ground that no criminal prosecution was pending against appellees on the date the federal complaint was filed.

*Id.* at 348-349.  Here, the Plaintiff has a similar stake in the criminal proceedings against its employees, and it has similarly demanded that the statute and ordinance which form the bases of those charges be declared void and that Hart County be enjoined from enforcing them.  The next question, then, is whether or not Plaintiff has made a "clear showing" that it will not be able to assert its constitutional claims in state court.

   JABR argues that the relief it seeks (i.e., a declaration that K.R.S. § 231.010 *et seq.* and Ordinance No. 440.4, in their entirety, are unconstitutional) is unavailable in state court because the employees charged "have only been accused of violating unspecified portions" of the statute and the ordinance and therefore "can only assert the unconstitutionality of those particular portions, not the laws in their entirety."  (Plaintiff's Response to Motion for Abstention, Dkt. # 14, p. 3).  JABR's assertion as to the limits on the employees' First Amendment-based defense to the criminal charges appears to be incorrect.  In *FW/PBS, Inc. v. City of Dallas*, the Supreme Court held that "facial challenges to legislation ... have been permitted in the First Amendment context where the licensing scheme vests unbridled discretion in the decisionmaker and where

3

the regulation is challenged as overbroad." 493 U.S. 215, 223, 110 S.Ct. 596, 603, 107 L.Ed.2d 603 (1990) (citing *City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 798, and n. 15, 104 S.Ct. 2118, 2125 n. 15, 80 L.Ed.2d 772 (1984)). JABR has not demonstrated that Kentucky law would operate in a contrary manner to disallow such a claim. As the Supreme Court has explained, "...abstention is appropriate unless state law clearly bars the interposition of the constitutional claims." *Moore v. Sims* 442 U.S. 415, 425-26, 99 S.Ct. 2371, 2379, 60 L.Ed.2d 994 (1979).

JABR also argues that, since it is not a party to the state court proceedings, "it has no control over the defense theories asserted therein." (Plaintiff's Response to Motion for Abstention, Dkt. # 14, p. 3). Whether or not this is true, it is not relevant to our *Younger* analysis because "[t]he pertinent issue is whether [JABR's] constitutional claims could have been raised in the pending state proceedings." *Moore v. Sims*, 442 U.S. 425.

Since JABR has not made the required clear showing that its claims may not be raised in the Kentucky courts, the *Younger* doctrine requires this Court to abstain from exercising jurisdiction over those claims. Pursuant to Sixth Circuit law, however, rather than dismissing Plaintiff's claim, the Court will stay the proceedings pending the outcome of the state court litigation. *Brindley v. McCullen*, 61 F.3d 507 (6th Cir. 1995). In that case, the court noted that "[i]ssuing a stay avoids the costs of refiling, allows the plaintiffs to retain their place on the court docket, and avoids placing plaintiffs in a sometimes difficult position of refiling their case before the statute of limitations expires." *Id.* at 509.

Therefore, Defendants' Motion for Abstention shall be **GRANTED**. An appropriate order shall issue.